IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,

                                    ORDER
                               12-cr-127-jdp-1

   v.

RACHEL L. KOPP,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Rachel Kopp's supervised release was held on January 31, 2020, before U.S. District Judge James D. Peterson. Assistant U.S. Attorney Diane Schlipper appeared for the government. Defendant was present in person and by defense counsel Joseph Bugni. U.S. Probation Officer Catherine Cwirla was also present.

The parties stipulated to the following findings of fact as outlined in the petition for revocation.

## FACTS

On May 14, 2013, defendant was sentenced following her conviction for possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), a Class C felony. Defendant was sentenced to 30 months' imprisonment, followed by a three-year term of supervised release. On June 8, 2015, defendant's sentence of imprisonment was reduced to 24 months based on the

1

retroactive application of the 2014 Amendment to the drug guidelines. The term of supervised release was unchanged.

On April 24, 2017, defendant appeared for a judicial review and her term of supervision was revoked. Defendant was committed to the custody of the Bureau of Prisons for a term of 18 months' imprisonment, to be followed by 18 months' supervised release. On May 29, 2019, while in the custody of the Bureau of Prisons and serving a term of imprisonment in this case, defendant was arrested for failing to report to Rock Valley Community Programs (RVCP) in Janesville, Wisconsin, as directed. At the time of her arrest, defendant admitted that she had just smoked crack cocaine. She was convicted of escape from custody, in violation of 18 U.S. C. § 751 (a), and was sentenced to 16 months' imprisonment in U.S. District Court for the Western District of Wisconsin Case No. 18-cr-90-jdp-1. No term of supervised release was ordered in that case, as she was ordered to serve an 18-month term of supervision in the drug case.

Defendant began her 18-month term of supervised release on October 4, 2019.

Defendant violated Standard Condition No. 1 that she not knowingly leave the judicial district without permission. On October 23, 2019, and November 4, 2019, defendant admitted to traveling to Milwaukee, Wisconsin, without prior approval from the supervising probation officer.

Defendant violated Standard Condition No. 2 requiring that she report to the probation office as directed and complete a written report within the first five days of each month, to answer inquiries by the probation office, and follow the officer's instructions. Since beginning supervised release on October 4, 2019, defendant cancelled or failed to appear for scheduled home and office visits on 16 occasions. The supervising probation officer was only able to meet with defendant three times. Defendant also failed to submit monthly report forms for November and December 2019.

Defendant violated Standard Condition No. 3, requiring her to maintain lawful employment unless excused by the probation officer or the Court. Defendant failed to obtain employment since beginning her supervision and lied to the probation officer about her employment. Defendant reported she was hired at a Taco Bell restaurant; however, a supervisor with that company informed the probation officer that no one by the name "Rachel Kopp" had ever been employed there in any capacity.

Defendant violated Standard Condition No. 5, that she shall not possess or use any controlled substance. Defendant submitted three urine specimens that laboratory analysis confirmed tested positive for the presence of cocaine. She submitted samples that tested positive for cocaine on October 11, 16, and November 13, 2019. Defendant admitted to using cocaine on October 6 and November 10, 2019. On December 1, 2019, during a police investigation into an alleged theft of cash, the defendant admitted to a Watertown Police Department officer that she had smoked crack cocaine.

Defendant violated Standard Condition No. 9, that she notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer. Defendant failed to report when she had contact with a law enforcement officer on December 1, 2019.

Defendant violated Standard Condition No. 10, that she report to the probation office within 72 hours of release from Bureau of Prisons' (BOP) custody. Defendant was released from BOP custody on October 4, 2019. On October 7, 2019, the probation officer attempted to contact defendant at her residence but the officer was unsuccessful. Defendant contacted the probation office the following day and said she could meet on October 9, 2019; however, defendant cancelled that meeting on the morning of October 9, 2019, reportedly due to a last-minute job interview.

Defendant violated Special Condition No. 15, that she participate in a substance abuse evaluation and recommended treatment. On October 16, 2019, defendant was referred for a substance abuse assessment. She scheduled an assessment for October 31, 2019, but missed the assessment due to hazardous road conditions. She was directed to reschedule her assessment but failed to do so. To date, she has not participated in a drug assessment or treatment.

Revocation is mandatory under 18. U.S.C. §3583(g)(1), if a defendant with a prior drug conviction possesses a controlled substance while on supervised release. [*United States v. Trotter*, 270 F. 3d 1150, 1152 (7th Cir. 2001]. This would result in a Grade B violation. According to 18 U.S.C. § 3583(g)(3) and (4), revocation is also mandatory if a defendant refuses to comply with drug testing or tests positive for illegal controlled substances more than three times over the course of one year. Those findings would result in a Grade C violation.

According to 18 U.S.C. § 3583(e)(3), the statutory maximum term to which defendant can be sentenced upon revocation is 24 months because the offense of conviction is a Class C felony. Title 18 U.S.C. § 3583(h) authorizes another term of supervised release to follow imprisonment if supervision is revoked. The maximum term that can be re-imposed is life.

CONCLUSIONS

After reviewing the written submissions of the probation office and considering the arguments of the parties, including defendant's statements, I find that modification of defendant's conditions of supervised release is warranted in lieu of revocation at this time. I am persuaded that this modification which includes a condition for placement in a residential reentry center is reasonable and no greater than necessary. The purpose of this sentence is to hold defendant

accountable for her repeated violations, to protect the community, and to provide for correctional and rehabilitative programming in a structured environment.

ORDER

IT IS ORDERED that defendant's term of supervised release originally imposed on April 24, 2017, is CONTINUED on the same conditions that were adopted by the Court on August 21, 2019. The conditions of supervision are modified to include the following:

> Defendant is to spend the first 180 days of supervision in the residential re-entry center, Fahrman Center, in Eau Claire, Wisconsin, upon the first bed available. She may be absent from the center for employment purposes, for mental health counseling and treatment and for passes consistent with program rules. Defendant is to pay her own medical expenses, if any, and is to pay 25% of her gross income toward the daily cost of his residence. Defendant may be discharged early from the program facility upon the approval of both the facility administrator and the supervising U.S. Probation Officer.

It is further ordered that defendant is to be released to her attorney or other approved party for transportation to the residential reentry center, Farman Center, in Eau Claire, Wisconsin, upon the first bed available date.

Entered this 31th day of January 2020.

                                         BY THE COURT:

                                         /s/_____
                                         James D. Peterson
                                         District Judge